IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Carlos Elisha Dukain Hinton, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 0:09-cv-573-JFA-PJG |
| | ) | |
| v. | ) | **JOINT RULE 26(f) REPORT,** |
| | ) | **PROPOSED DISCOVERY PLAN AND** |
| Owens Corning Masonry Products, LLC, | ) | **LOCAL RULE 26.03 RESPONSES** |
| | ) | |
| Defendant. | ) | |

COMES NOW Defendant, Owens Corning Masonry Products, LLC ("Defendant"), and Plaintiff, Carlos Elisha Dukain Hinton ("Plaintiff") (hereinafter collectively, "the Parties"), pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.03, and submit the following:

**I.     RULE 26(F) CONFERENCE**

Pursuant to the Conference and Scheduling Order issued by the Court on March 9, 2009, a Rule 26(f) conference was held by telephone on March 16, 2009, between Matthew K. Johnson of the firm Ogletree, Deakins, Nash, Smoak & Stewart, P.C., on behalf of Defendant and Benjamin M. Mabry, Esq. of the firm Cromer & Mabry, on behalf of Plaintiff.

This Rule 26(f) Report, Proposed Discovery Plan, and Local Rule 26.03 Responses have been filed jointly by the Parties.

**II.    PROPOSED DISCOVERY PLAN AND REQUIRED DISCLOSURES UNDER RULE 26(f) FRCP**

**(1)** What changes should be made in the timing, form or requirement for disclosures under subdivision (a) or local rule, including a statement as to when disclosures under subdivision (a)(1) were made or will be made;

**RESPONSE:**

The Parties reached agreement regarding the timing and disclosure requirements set forth in the Conference and Scheduling Order as follows:

- The Parties agree that no changes should be made to the timing and disclosure requirement set forth in the Conference and Scheduling Order.

- The Parties agree to waive the initial disclosure of documents required by Rule 26(a)(1).

- The Parties agree that they do not consent to a trial before a U.S. Magistrate Judge.

The Parties reserve the right to agree to additional discovery if they choose to do so, so long as that additional discovery does not affect other deadlines.

**(2)    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;**

**RESPONSE:**

Discovery will be needed on Plaintiff's claims of wrongful termination in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*, the facts underlying Plaintiff's allegations, the nature and extent of Plaintiff's alleged damages, and Defendant's related defenses.

The Parties do not believe discovery needs to be conducted in phases or limited to particular issues at this time.

**(3)    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

**RESPONSE:**

None.

  (4) **Any other orders that should be entered by the Court under subdivision (c) or under Rule 16(b) and (c).**

**RESPONSE:**

None.

**III. DISCLOSURES UNDER LOCAL CIVIL RULE 26.03**

<u>Rule 26.03 No. 1</u>:

  **A short statement of the facts of the case.**

**RESPONSE:**

<u>Plaintiff's short statement of the facts is as follows</u>:

  Plaintiff alleges he was terminated in violation of the FMLA. Specifically, Plaintiff alleges he visited a local emergency room due to illness on August 18, 2008, and was excused from work for two (2) days by a physician. He received a CT scan and medications and was excused from work for eight (8) days due to his inability to perform the essential functions of his job. Plaintiff alleges he gave proper notice to Defendant and that his absences should have been excused under the FMLA. Plaintiff alleges he was denied certain FMLA forms and documents by Defendant's plant nurse, Barbara Coady, based upon her statement that an emergency room physician is not allowed to complete and sign FMLA forms. Plaintiff alleges he was subsequently terminated by Defendant due to his failure to submit proper FMLA documentation. Plaintiff seeks back pay, front pay, liquidated damages, reinstatement, interest, attorneys' fees, costs, and other remedies available under the FMLA, whether legal, equitable, or otherwise.

<u>Defendant's short statement of the facts is as follows</u>:

  Defendant has denied liability, denied damages, and asserted factual and affirmative defenses. Defendant alleges that Plaintiff was provided with FMLA documentation by mail by

3

Coady on August 21, 2008, and that Coady later provided Plaintiff with a reminder concerning his pending FMLA documentation on September 8, 2008. Defendant alleges Plaintiff then came to see Coady, who stated that the emergency room physicians typically would not complete his FMLA documentation. Defendant asserts Coady further explained that emergency room physicians typically refer patients to personal physicians for such matters. Defendant alleges Plaintiff acknowledged to Coady that he had been referred by the emergency room to Dr. Marvin Shelby but did not go because "he could not get an appointment." However, upon questioning Defendant alleges Plaintiff stated "he did not have time."

Defendant alleges Plaintiff never provided additional documentation. Rather, Coady was called by Plaintiff on September 22, 2008, at which time he stated he had previously come to see her to obtain FMLA documentation and that he had received no such documentation via mail. Plaintiff was advised by Coady that FMLA documentation was available through the plant nurse, through the Human Resources Department, or on Defendant's online website. Plaintiff was subsequently terminated consistent with Defendant's absenteeism policies due to unexcused absences.

### Rule 26.03 No. 2:

**The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

**RESPONSE:**

The fact witnesses likely to be called by Plaintiff include his own testimony regarding his FMLA claims and Defendant's alleged refusal to provide him with necessary paperwork. Plaintiff may also call his supervisor, Terrell Hampton, to testify that Plaintiff had a doctor's note from the emergency room stating that he would be unable to return to work for eight days.

4

Plaintiff may also call Defendant's Human Resources Leader, Tony M. Wooten, to testify concerning Plaintiff's termination. Plaintiff may also call Barbara Coady, Defendant's plant nurse, to testify regarding Plaintiff's efforts to obtain FMLA paperwork, which he alleges he was denied, and Coady's alleged statement that a doctor from the hospital could not sign the FMLA paperwork. Finally, Plaintiff may call Janee Matthews, Defendant's Human Resources Generalist, allegedly to testify that Plaintiff requested FMLA paperwork after Coady refused to do so.

Defendant may Barbara Coady to testify concerning her FMLA-related discussions with Plaintiff, the provision of FMLA documentation to Plaintiff, Plaintiff's prior usage of FMLA leave, Defendant's FMLA policies, practices, and procedures, Defendant's absence policy, and related policies, practices, and procedures. Defendant may also call its Tony M. Wooten to testify regarding his knowledge of Plaintiff's FMLA claims, Defendant's FMLA policies, practices, and procedures, Defendant's absence policy, and related policies, practices, and procedures. Defendant may also call Terrell Hampton, regarding his knowledge of Plaintiff's FMLA claims, Plaintiff's employment, Plaintiff's prior usage of FMLA leave, and Plaintiff's termination. Finally, Defendant may call Janee Matthews to testify concerning her FMLA-related discussions with Plaintiff, the provision of FMLA documentation to Plaintiff, Plaintiff's prior usage of FMLA leave, Defendant's FMLA policies, practices, and procedures, Defendant's absence policy, and related policies, practices, and procedures.

The parties reserve the right to identify and call additional witnesses as the facts and issues develop in the course of discovery and to call any witnesses identified by the other party.

**Rule 26.03 No. 3:**

**The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

**RESPONSE:**

Expert witnesses have not been retained by the Parties at this time.

**Rule 26.03 No. 4:**

**A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**RESPONSE:**

Plaintiff's claim for damages related to Defendant's alleged wrongful termination of his employment arise pursuant to the FMLA. Similarly, Defendant's defenses to Plaintiff's FMLA claim arise under the FMLA and related regulations found at 29 C.F.R. Part 825.

**Rule 26.03 No. 5:**

**Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16:02:**

    (a)    **Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and**

    (b)    **Completion of discovery.**

**RESPONSE:**

As stated in the Proposed Discovery Plan in Section II above, the Parties have agreed to the timing and disclosure requirements set forth in the Conference and Scheduling Order

**Rule 26.03 No. 6:**

The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. *See generally* Local Civil Rule 16.02(C) (Content of Scheduling Order).

**RESPONSE:**

None.

**Rule 26.03 No. 7:**

The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**RESPONSE:**

The Rule 26(f) Report cover sheet, initially issued by the Court in blank, has been completed and is filed herewith. The Parties do not request a conference with the Court or entry of an Amended Conference and Scheduling Order at this time.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| s/ Matthew K. Johnson | s/ Benjamin M. Mabry |
| Matthew K. Johnson (Fed. Id. No. 6908) | Benjamin M. Mabry, Esq. |
| Robert O. King (Fed. Id. No. 2349) | CROMER & MABRY |
| OGLETREE, DEAKINS, NASH,   SMOAK & STEWART, P.C. | 300 Candi Lane |
| 300 North Main Street | Columbia, SC 29201 |
| PO Box 2757 | Tel.: (803) 799-9530 |
| Greenville, SC 29602 | Fax: (803) 239-0210 |
| Tel.: (864) 271-1300 | benmabry@cromermabry.com |
| Fax: (864) 235-8806 | |
| matthew.johnson@ogletreedeakins.com | D. Bradley Jordan |
| robert.king@ogletreedeakins.com | Jordan Law Firm, PC |
| | 546 East Main Street |
| Attorneys for Defendant, | PO Box 11785 |
| Owens Corning Masonry Products, LLC | Rock Hill, SC 29731 |
| | Tel.: (803) 817-7999 |
| | Fax: (803) 817-9704 |
| | bradjordan@comporium.net |

                                                            Attorneys for Plaintiff,
                                                            Carlos Elisha Dukain Hinton

March 30, 2009                                                                 March 30, 2009

0:09-cv-00573-JFA-PJG     Date Filed 03/30/09     Entry Number 9     Page 8 of 9

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| Carlos Elisha Dukain Hinton,          )<br>                                                      )<br>           Plaintiff,                          )<br>                                                      )<br>     v.                                           )<br>                                                      )<br>Owens Corning Masonry Products, LLC,  )<br>                                                      )<br>           Defendant.                       ) | Civil Action No.: 0:09-cv-573-JFA-PJG<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on this 30th day of March, 2009, I have caused a true and correct copy of the foregoing Joint Rule 26(f) Report, Proposed Discovery Plan and Local Rule 26.03 Responses to be filed electronically with the Clerk of Court using the ECF system, which will send notification of such filing to the following:

> D. Bradley Jordan, Esq.
> Jordan Law Firm, PC
> 546 East Main Street
> PO Box 11785
> Rock Hill, SC 29731
> E-mail: bradjordan@comporium.net
>
> Benjamin M. Mabry, Esq.
> Cromer & Mabry
> 300 Candi Lane
> Columbia, SC 29201
> E-mail: benmabry@cromermabry.com

>                    s/ Matthew K. Johnson
>                    Matthew K. Johnson (Id. No. 6908)